UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZAYO GROUP, LLC,<br><br>                 Plaintiff,<br><br>     v.<br><br>TRIUMPH CONSTRUCTION CORP.,<br><br>                 Defendant. | Case No. 1:19-cv-10248<br><br>**COMPLAINT, JURY DEMAND** |

Plaintiff Zayo Group, LLC ("Plaintiff" or "Zayo"), by its attorneys, as and for its Complaint, alleges as follows:

**Parties**

1) Plaintiff Zayo is a Delaware limited liability company with its headquarters at 1821 30th Street, Unit A, Boulder, Colorado.

2) Zayo is an internet service provider that maintains fiber optic cables and provides high speed data transmission services to customers throughout the world including within the City, County and State of New York, including major financial services companies, major law firms, and others.

3) Defendant Triumph Construction Corp. ("Triumph") is a New York domestic business corporation with headquarters at 1354 Seneca Avenue, Bronx, New York.

4) Triumph is a construction corporation serving the entire New York metropolitan area as a major utility contractor for both public and private sectors. Triumph is also a major subcontractor for Con Edison and other utilities in the metropolitan area, performing both gas and electric services.

## Jurisdiction

5) This Court has jurisdiction based on 28 U.S.C § 1332 in that there is complete diversity of citizenship among the parties and the amount in controversy exceeds the statutory jurisdictional threshold.

6) Plaintiff Zayo has one member: Zayo Group Holdings, Inc.

7) Zayo Group Holdings, Inc. is a Delaware corporation with its headquarters and principal offices located at 1821 30th Street, Unit A, Boulder CO 80301.

8) Zayo Group Holdings, Inc. is a citizen of both Delaware, where it was formed, and Colorado, where it resides.

9) Plaintiff Zayo takes its citizenship from its single member, Zayo Group Holdings, Inc. Therefore, Plaintiff Zayo is a citizen of Delaware and Colorado.

10) Defendant Triumph Construction is a New York domestic business corporation with principal offices in New York, and is therefore a citizen of New York.

11) Complete diversity lies between Plaintiff, a citizen of Delaware and Colorado, and Defendant, a citizen of New York.

## Venue

12) Venue is proper pursuant to 28 U.S.C. § 1391(b) in the Southern District of New York because the events in question occurred within the Court's jurisdictional territory, the property of Zayo that was damaged during the events in question lies within the Court's jurisdictional territory, and Defendant resides within the Court's jurisdictional territory.

## Background and Factual Allegations

13) As part of its fiber optic cable network, Zayo owns and operates fiber optic cables and other related facilities running below the streets of New York City.

14) Some of Zayo's fiber optic cable facilities are located in underground cable pathways, conduits and manholes.

15) On June 7, 2018, Triumph was performing work near Chelsea Market at the intersection of 15th Street and 9th Avenue in New York City ("Project Area").

16) During its work, Triumph negligently caused one or more explosion or explosions in underground facilities, including, without limitation, one or more manholes and below-street areas at or near the Project Area.

17) During its work at the Project Area, Triumph negligently welded near exposed underground utilities without following proper safety and fire prevention protocols causing debris to catch fire and spread throughout the manhole which resulted in an explosion and fire.

18) The explosion caused extensive and severe damage to fiber optic cables and related equipment owned by Zayo.

19) Seven (7) of Zayo's eleven (11) fiber optic cables (each containing 864 fiber optic strands) owned by Zayo were significantly damaged and had to be rebuilt and re-routed through multiple buildings over several city blocks. Each individual fiber had to be fused to the next section of fiber, and "bridge cables" needed to be installed to connect these fiber optic cable sections over several days. The damages necessitated the deployment of emergency repair personnel for immediate restoration of the network to all customers along the affected route segment, intensive repairs to the physical network, and additional location staffing giving the magnitude of the damage.

20) Zayo's communications services were interrupted by the damage caused by the explosion and its customers were deprived of fiber optic cable services provided by Zayo for several days.

21) At great cost and inconvenience to Zayo and its customers, Zayo was forced to work around the clock to repair and restore services to Zayo customers until the evening of June

11, 2018. At that time, Triumph plated up the manhole and denied Zayo access to continue restoration efforts. This caused further delay in the restoration efforts, and further costs to Zayo. The work, including but not limited to, rerouting communications services, replacing fiber optic cables and other equipment, splicing new cables into the existing network, and restoring communications services to their customers, was finally finished with the network restored on the morning of June 14, 2018.

22) Zayo's damages include at least $1,297,102.86 in direct costs of emergency repairs, plus additional amounts to be proved at trial.

23) Zayo submitted a claim to Triumph for the above amount on July 15, 2019, but Triumph failed and refused to reimburse Zayo for its direct costs.

24) Triumph failed to use reasonable care to prevent catastrophic damage to property in the area where it was performing construction work and failed to protect and prevent damage to all underground facilities while completing their excavation work in accordance with the requirements of N.Y. Gen. Bus. Law § 764.

25) Triumph had a duty to protect and prevent damage to all underground facilities while completing their excavation work. Triumph breached their duty causing extensive damage to Zayo's property in accordance with the requirements of N.Y. Gen. Bus. Law § 765, Triumph is liable to Zayo for the reasonable costs incurred.

26) As a direct and proximate result of Triumph's failure to use reasonable care in its construction activities, an explosion occurred in underground spaces in the vicinity of Chelsea Market at the intersection of 15th Street and 9th Avenue in New York City, causing severe damage and destruction of fiber optic cable and other facilities owned and operated by Zayo for the purpose of providing internet communications services to its customers.

27) As a direct and proximate result of the negligent actions of Triumph, Zayo has

been damaged and demands payment sufficient to compensate it for the actual direct, incidental and consequential damages to Zayo's property and other losses.

## FIRST CAUSE OF ACTION
### (Negligence)

28) Plaintiff repeats the allegations of the preceding paragraphs as if set forth here at length.

29) Triumph was performing construction activities at or about the time of, and in the vicinity of, the underground explosion of June 7, 2018.

30) Triumph failed to use reasonable care to prevent damage to property at or near the locations where it was working near exposed underground utilities without following proper safety and fire prevention protocols

31) Defendant failed to adhere to all applicable federal and state statutes and regulations and all applicable industry standards and guidelines as they relate to protection of underground utilities.

32) Defendant failed to train its employees involved with the excavation with respect to the applicable statutes, regulations, and industry standards regarding excavation in the area of underground utilities.

33) Defendant failed to adequately supervise its employees and ensure they complied with all applicable statutes, regulations, and industry standards regarding excavation in the area of underground utilities.

34) As a direct and proximate result of Triumph's negligent actions, around 2:30pm that day, Triumph caused debris to catch fire and spread throughout the manhole which resulted in an explosion and fire.

35) As a direct and proximate result of Triumph's negligent actions, Triumph caused an explosion and fire that occurred in the underground spaces in the vicinity of 15th Street and

9th Avenue in New York City, causing severe damage and destruction of fiber optic cables and other facilities owned and operated by Zayo for the purpose of providing telecommunications services to its customers.

36) As a direct and proximate result of Triumph's negligent actions and ensuing destruction and damage to Zayo's equipment, Zayo's services were interrupted and Zayo was forced to work around the clock to repair and restore services to Zayo customers until the evening of June 11, 2018, when the manhole was plated up by Triumph who denied anyone access to the manhole. When attempting to gain access to continue restoration efforts, Triumph refused Zayo access the work zone. This caused further delay in the restoration efforts that was finally finished with the network restored on the morning of June 14, 2018, at a cost of at least $1,297,102.86 for emergency repairs plus other costs and damages to be proved at trial.

## SECOND CAUSE OF ACTION
### (Statutory Liability)

37) Plaintiff repeats the allegations of the preceding paragraphs as if set forth here at length.

38) Defendant engaged in excavation work at the Project Area the meaning of N.Y. Comp. Codes R. & Regs. Tit. 16, § 753-1.2(i).

39) Defendant failed to take all reasonable precautions to prevent contact or damage to Zayo's property as required by N.Y. Comp. Codes R. & Regs. Tit. 16, § 753-310(a).

40) Defendant failed to protect and prevent damage to all underground facilities while completing their excavation work in accordance with the requirements of N.Y. Gen. Bus. Law § 764.Defendant breached their duty under § 764 causing extensive damage to Zayo's property and, in accordance with N.Y. Gen. Bus. law § 765, Triumph is liable to Zayo for the reasonable costs incurred.

41) As a direct and proximate result of Triumph's breach of duty to protect and prevent

damage to underground facilities while completing their excavation work, Zayo suffered damages for which Triumph is liable, including direct damages of at least $1,297,102.86 plus additional costs and damages to be proved at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Zayo respectfully requests that the Court enter judgment against Defendant as follows:

A. Awarding Plaintiff Zayo full compensatory damages special, incidental, and consequential damages;

B. Awarding Plaintiff Zayo punitive damages in an amount deemed sufficient to punish Defendant Triumph for their actions;

C. Awarding Plaintiff Zayo interest and costs of the action, including reasonable counsel fees; and

D. Awarding Plaintiff Zayo all other and further relief as the Court deems just and equitable.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Zayo hereby demands a trial by jury on all issues so triable.

Dated: November 4, 2019.

                                                                             */s/ Tess Hand-Bender*
                                                                             Tess Hand-Bender
                                                                             DAVIS GRAHAM & STUBBS LLP
                                                                             1550 17th Street, Suite 500
                                                                             Denver, CO 80202
                                                                             Telephone: 303.892.9400
                                                                             Facsimile: 303.893.1379

                                                                             *Attorneys for Plaintiff Zayo Group, LLC*
                                                                             *Application for admission to be submitted*