UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

ZAYO GROUP, LLC,

                              Plaintiff,                  19 Civ. 10248 (PAE)

          -v-

                                                             ORDER

TRIUMPH CONSTRUCTION CORP.,

                              Defendant.

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

      Before the Court is plaintiff Zayo Group's motion to compel defendant Triumph Construction Corp. ("Triumph") to respond to written discovery requests. Dkt. 34. Zayo Group contends that responses or objections to its written discovery requests and requests for production were due on April 1, 2020, pursuant to the 30-day deadline in Federal Rules of Civil Procedure 33, 34, and 36. *Id.* Zayo Group alleges that it has attempted to meet and confer with counsel for Triumph but, as of the date of the motion, counsel for Triumph has not responded to any communications. *Id.*

      Triumph opposes the motion. Dkt. 35. Triumph does not, however, argue that it did not receive the discovery requests on March 2, 2020, or dispute that its answers or objections were due by April 1, 2020. Nor does Triumph deny that it has failed to meet and confer with counsel for Zayo Group. Instead, Triumph complains that the file name of the attachment containing Zayo Group's discovery requests was overly generic; that it was unreasonable for Zayo Group, in the absence of any communication from Triumph, to expect Triumph to meet its discovery obligations within the time period mandated by the Federal Rules; that some of the requests propounded by Zayo Group are in fact objectionable; that Triumph Group did not consent to

receiving discovery requests by email; and that the COVID-19 public health emergency has impaired its ability to promptly respond to the discovery requests. *Id.*

The Court is acutely aware of the complications presented by the public health emergency to the normal practice of law. As the Court has already emphasized to the parties in this case, however, COVID does not provide a blanket excuse for failing to communicate with opposing counsel, or attending to discovery and other obligations in a timely manner. *See* Dkt. 32. Similarly, Triumph's belief that the Court would be open to a request to extend discovery deadlines is no substitute for making such a motion. The deadline for responding to plaintiff's discovery requests was nearly six weeks ago. For counsel to now proffer, in essence, that they'll get to it eventually is insufficient.

Triumph's May 13, 2020, opposition states that Triumph "anticipate[s] the response being sent by email around the end of the next week." Dkt. 35. The Court therefore orders Triumph to provide a complete set of responses to the discovery requests in question by 5 p.m. EDT on Friday, May 22, 2020. The Court expects strict compliance with this order. Triumph is on notice that it is not authorized to assume that the Court would grant an extension of this deadline, and that an unauthorized failure by Triumph to meet this deadline may expose it to sanctions.

SO ORDERED.

                                        *Paul A. Engelmayer*
                                        PAUL A. ENGELMAYER
                                        United States District Judge

Dated: May 18, 2020
       New York, New York